NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
RYAN H. WEINSTEIN (Cal. Bar No. 240405)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8957
     Facsimile: (213) 894-0142
     E-mail:    ryan.weinstein@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A RED IPHONE SEIZED ON JUNE 21, 2018, AND MAINTAINED IN THE CUSTODY OF THE DRUG ENFORCEMENT ADMINISTRATION | No. 2:18-MJ-01833<br><br>GOVERNMENT'S EX PARTE APPLICATION FOR FIRST EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH ENCRYPTED DIGITAL DEVICE AND DATA; DECLARATION OF RYAN H. WEINSTEIN<br><br>**(UNDER SEAL)** |

The United States of America, by and through its counsel of record, Assistant United States Attorney Ryan H. Weinstein, hereby applies for an order extending by 180 days the time within which the government may retain and continue to attempt to search an encrypted digital device and data, seized pursuant to a federal search warrant.

//

This application is based on the attached declaration of Ryan H. Weinstein and the files and records of this case, including the underlying search warrant and affidavit in support thereof, the search warrant and affidavit in CR Misc. No. 2:18-MJ-01605 and any previously filed applications for extensions.

Dated: December 7, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/ Ryan H. Weinstein
_____
RYAN H. WEINSTEIN
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF RYAN H. WEINSTEIN**

I, Ryan H. Weinstein, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

2. This declaration is made in support of a request for an order permitting the government to retain and search the following digital device and data, seized pursuant to a previously authorized search warrant, which is encrypted or which contains encrypted files:

   a. a red iPhone with "iPhone PRODUCT" inscribed on the the phone, seized on June 21, 2018, and currently maintained in the custody of Drug Enforcement Administration in Los Angeles, California ("**Subject Device #1**" or the "**Subject Device**").

3. On July 17, 2018, Special Agent Jordan T. Lester of the Drug Enforcement Administration (the "Investigating Agency"), obtained a search warrant issued by the Honorable Rozella A. Oliver, United States Magistrate Judge, authorizing the search of the **Subject Device** for evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with the Intent to Distribute a Controlled Substance), 846 (Conspiracy to Distribute a Controlled Substance), and 848(e) (Murder in Furtherance of a Drug-Trafficking Crime), and Title 18, United States Code, Section 1958 (Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire) (the "Subject Offenses"). The **Subject Device** had been seized pursuant to a separate warrant, issued by the Honorable Patrick J. Walsh, United States Magistrate Judge, in CR Misc. No. 2:18-MJ-01605.

4.      Based on information obtained from Special Agent Flanigan, I learned the following:

   a.   On or about July 21, 2018, agents from the Investigating Agency executed the warrant.  Thus far, the Investigating Agency has been unable to begin its search of the **Subject Device** because the Investigating Agency has been unable to bypass the **Subject Device's** security and encryption features.  The **Subject Device** is protected by a six-digit password.  Technicians are currently attempting to overcome the **Subject Device**'s security features using the so-called "brute force" method, which involves the use of a computer to systematically attempt every possible password combination.  This process can take several months to complete.

5.   Although investigators cannot currently bypass the encryption on the device described above, I know that new methods for bypassing encryption and for decrypting files and devices are constantly being developed.  In addition, I know that it is not uncommon for passwords to be discovered or learned as an investigation continues, for example when witnesses cooperate, when additional locations are searched, or during ongoing review of seized electronic data.  Therefore, I seek permission for the government to retain the device/data described above, and to continue to attempt to access them, in the event that such methods or information are developed or discovered and the device/data can be unlocked or otherwise accessed.

6.   I believe the device is likely to contain, or to be, evidence, fruits, or instrumentalities of the Subject Offenses for

2

the reasons stated in the affidavit in support of the underlying warrant in this matter.

7. Because there remains probable cause to believe that the device at issue contains evidence, fruits, or instrumentalities of the offense(s) described in the underlying warrant, the government seeks to retain the device identified in this application for a further period of 180 days past the end of the currently authorized search period, in order to continue to attempt to bypass the decryption and search the device/files. During this period, the government may continue to attempt to search the device if new technology is obtained or if potential passwords for the device or files are located during the investigation.

8. If the government continues to be unable to access the device/files for a period of 90 days, it will file a status report to the court, stating that it has not been able to access the device/files. If the government is able to access the device or files, it will promptly file a report so notifying the court with the date(s) of access and will follow the search protocols set forth in the original warrant.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: December 7, 2018

RYAN H. WEINSTEIN

3